UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VONTELL WESSON,<br><br>　　　　　Defendant. | No. 2:19-cr-00051-TLN<br><br>**ORDER** |

　　　This matter is before the Court on Defendant Vontell Wesson's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 41.)  The Government filed an opposition.  (ECF No. 44.)  Defendant did not file a reply.  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2019, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21.) On October 17, 2019, the Court sentenced Defendant to a 63-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 38.) Defendant is currently serving his sentence at Victorville II. He has served approximately 25 months of his 63-month sentence of imprisonment and his projected release date with good conduct time is November 2, 2023.

On February 22, 2021, Defendant filed the instant *pro se* motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 41.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.*) Defendant is 37 years old and claims he is at an elevated risk for severe complications from COVID-19 because he suffers from asthma and already contracted COVID-19 while in prison. (*Id.*) Defendant cites the conditions of his confinement as an additional factor in his vulnerability. (*Id.*)

## II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Defendant claims — without providing any evidence — that he filed the instant motion "after waiting over 30 days for the warden's response." (ECF No. 41 at 3.) For its part, the Government argues "records received from the [BOP] do not reflect any request for compassionate release submitted to the warden by [Defendant]." (ECF No. 44 at 7.) Absent any evidence that Defendant submitted a request to the BOP, Defendant has not demonstrated that he has met the threshold exhaustion requirement. Defendant's failure to meet the threshold

exhaustion requirement provides grounds to deny his motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A).

Even if Defendant had met the exhaustion requirement, however, the Court would still deny Defendant's motion based on the existing record. Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The Centers for Disease Control and Prevention ("CDC") indicates that "moderate to severe" asthma may increase an individual's risk of serious illness from COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 20, 2021). Although BOP medical records — filed under seal by the Government — confirm that Defendant suffers from asthma, there is no indication as to whether Defendant's asthma is "moderate to severe." Defendant's medical records show that he has been prescribed an inhaler to manage his asthma and his last asthma episode was approximately 20 years ago. Defendant also argues that he previously tested positive for COVID-19. Yet Defendant's medical records show Defendant has never tested positive for COVID-19. In any event, Defendant fails to persuade the Court that prior infection would necessarily increase his future risks. It also bears mentioning that the BOP currently reports only two active inmate cases of COVID-19 at Victorville II.

///

For the foregoing reasons, Defendant has not shown that he is subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court denies Defendant's request for compassionate release because he has not exhausted administrative remedies or shown there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the § 3553(a) factors. *See* U.S.S.G. § 1B1.13(2) (requiring defendant to show he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 41.)

IT IS SO ORDERED.

DATED: April 22, 2021

Troy L. Nunley
United States District Judge