1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-cr-00051-TLN |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| VONTELL WESSON, | |
| Defendant. | |

This matter is before the Court on Defendant Vontell Wesson's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 49.) The Government filed an opposition. (ECF No. 55.) Defendant filed a reply. (ECF No. 56.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2019, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21.) On October 17, 2019, the Court sentenced Defendant to a 63-month term of imprisonment to be followed by a 36-month term of supervised release. (ECF No. 38.) Defendant has served approximately 45 months of his 63-month sentence of imprisonment and his projected release date is December 26, 2023.

On November 10, 2022, Defendant filed the instant *pro se* motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 49.) Defendant requests the Court reduce his term of imprisonment to time served. (*Id.*) More specifically, Defendant argues he needs to care for his mother who is at elevated risk for severe harm from COVID-19 based on her multiple health conditions, including hypertension, asthma, smoking, and obesity. (*Id.*)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. (ECF No. 49-2 at 1–7.)

#### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Ninth Circuit recently held that

"the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (2021). The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* The Court thus looks to § 1B1.13 as persuasive authority.

Defendant argues he needs to care for his mother because she is at an elevated risk for severe harm from COVID-19 based on her medical conditions, including hypertension, asthma, smoking, and obesity.[1] (ECF No. 49 at 1.) Defendant asserts that his mother has seven other children, but all her other children live far from her and have other obligations. (*Id.* at 2.) Defendant also states his mother "is afraid to take the COVID vaccine until she has 24-hour care just in case she gets COVID again from the vaccine." (*Id.* at 3.) Defendant indicates that his release plan is to "live with his mother . . . and take care of her providing almost full-time care." (*Id.* at 4.) Defendant argues the need to care for his mother constitutes extraordinary and compelling reasons for release. (*Id.* at 4–8.) Defendant also argues he is not a danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors weigh in favor of a time served sentence. (*Id.* at 8.)

In opposition, the Government argues Defendant fails to meet the high burden of demonstrating he is the only available caretaker for his mother or that his mother needs actual caregiving. (ECF No. 55 at 6.) The Government further argues the § 3553(a) factors — specifically the nature and circumstances of the offense and Defendant's history of violent crimes and disciplinary violations — weigh against release. (*Id.* at 7–9.) Lastly, the Government argues Defendant fails to present a viable release plan. (*Id.* at 9.)

U.S.S.G. § 1B1.13(C) lists the following family circumstances that may qualify as extraordinary and compelling reasons for release: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children"; and "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the

---

[1] Defendant filed approximately 160 pages of his mother's medical records under seal. The Government does not dispute that Defendant's mothers suffer from these health conditions.

spouse or registered partner." U.S.S.G. § 1B1.13(C).  Defendant's request does not meet either of those two prongs.  Further, the Court agrees with the Government that Defendant fails to present sufficient evidence that his mother needs caregiving or that he is the only person available to provide such care.  *See United States v. Stanley*, No. 2:16-CR-00093-TLN, 2022 WL 2052603, at *2 (E.D. Cal. June 7, 2022) (denying release where the defendant did not provide evidence his aunt and mother needed live-in care or that he was the only available caregiver).  Even if Defendant's mother has medical conditions that make her more vulnerable to COVID-19, the risk that Defendant's mother might become infected with COVID-19 before Defendant completes his sentence and that she might develop severe illness that necessitates full-time care is too speculative to warrant extraordinary and compelling reasons for release.

Therefore, the Court concludes Defendant has not shown extraordinary or compelling reasons for release.

          C.     Section 3553(a) Factors

Even if the Court found extraordinary and compelling reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the § 3553(a) factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).  The Court sentenced Defendant to a low-end, 63-month sentence of imprisonment.  This sentence is well-supported, especially considering Defendant's lengthy and violent criminal history that arguably warranted a much higher sentence.  Defendant has not shown that the § 3553(a) factors warrant any further reduction.

**III.**    **CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 49.)

IT IS SO ORDERED.

**DATED: January 11, 2023**

Troy L. Nunley
United States District Judge